FINDLEY ET AL., TRUSTEES, APPELLEES, *v.* CITY OF CONNEAUT ET AL., APPELLANTS.

(No. 454—Decided March 4, 1945.)

*Mr. J. E. Helman* and *Mr. George D. Kingdom,* for appellees.

*Mr. James W. Simmons,* village solicitor, *Mr. Howard M. Nazor* and *Mr. Paul E. Kightlinger,* for appellants.

CARTER, J. This action is one for a declaratory judgment. The case was heard in the Probate Court and

a finding was made in favor of plaintiffs, appellees herein. Appeal on questions of law and fact is prosecuted to this court.

On or about March 1, 1920, George J. Record died, leaving a last will and testament, and after making disposition of certain portions of his estate he made residuary disposition of the balance thereof as found in item 10 of his will, which item is as follows:

"It has been my intention for many years, should my means prove to be sufficient, to establish a polytechnic industrial school to the Glory of God, the Creator of all materials and substances, the central Power and Originator of all energies and forces and the Founder of all arts and sciences, to the end that man can be instructed and enabled to divine and make use of the materials and apply the forces God has created and that thereby his comprehension may be widened to a full appreciation and understanding of the unlimited preparations and provisions with which his Creator has blessed and surrounded him.

"I am not in sympathy with theoretical religion. Solid facts innumerable are at hand and visible in all directions to be relied upon in formulating the faith and shaping the character, purposes and destinies of man, providing that these truths are properly brought home to man's understanding. To teach the young these facts, to enable their purposes, to widen their comprehension of the real meaning of life, to give them a knowledge of their relations to God while learning the arts and sciences of which He is the Author, thus fitting them to meet the world's demands, making them honest in purpose, noble in aspiration, reverent in faith, is the end which I have in view and desire to attain in making the devise set forth in this item of this my last will and testament.

"Therefore I hereby give, devise and bequeath all the remainder of said residue of my said estate left

after all the foregoing provisions of this my last will and testament have been fully carried out, to The Guardian Savings & Trust Company, of Cleveland, Ohio, and to its successors, in trust, nevertheless, for the purpose of establishing a polytechnic industrial school as hereinafter provided.

"Said school shall provide practical education for students of both sexes in the useful arts and sciences and in connection therewith the teachings of the Holy Bible shall be made a prominent feature in bringing to the minds of the young the practical value of following its precepts in the attainment of success in every day life. Said school shall be Protestant in ethics and teaching, but otherwise undenominational and shall not exclude from its benefits those of any other faith. It shall be the rule of the school that all students, teachers and officers shall observe the Sabbath Day and attend Sunday school and preaching services and that each session shall be opened with scripture reading from the Bible and with prayer, and all students shall, as a condition to their admission to said school, pledge themselves to faithfully keep and observe these conditions which shall be rules of said school as well as all other rules consistent herewith which may be formulated for the government of said school.

"My said trustee shall first offer said remainder of said residue of my said estate to the corporate city of Conneaut, Ohio, to be used in the establishment of said school, on condition that said city shall provide therefor, free of cost to my estate, a suitable and ample site for said school, centrally located, and by the issuance of five (5) per cent bonds provide a sinking fund of one hundred thousand ($100,000) dollars to be forever maintained to provide income for the support and maintenance of said school, or otherwise secure to said school such fund as will at all times provide said school

with an income of five thousand dollars ($5,000) per annum. If the foregoing mentioned proposition is not accepted within one year from the date of said offer, then my said trustee shall make the same offer to the village of Geneva, in Ashtabula county, Ohio, and if not accepted by said village within one year from the date of said offer, or if there be legal obstacles in the way of both said city of Conneaut and said village of Geneva accepting said legacy for the uses and purposes aforesaid, then and in that event my said trustee may by forming a corporation or by other lawful means in its discretion to be determined by it, proceed to and complete the organization of said polytechnic industrial school, or if it elects so to do may transfer and deliver over the remainder of said residue of my estate to some industrial school then well established, to be selected by it for the purpose of carrying out the principles and objects hereinbefore named.

"The school if established either in Conneaut, Ohio, or Geneva, Ohio, shall be known as the 'Record Industrial School' and if said remainder is given to an industrial school already established, it shall be known as the 'Record Memorial Industrial Fund' and the department to which it is applied shall be known as the 'Record Memorial Industrial Department' and shall be operated upon the basis and fundamental ideas and to the ultimate aim and purpose hereinbefore expressed."

After a study of this item and the examining of many authorities applicable thereto, without further elucidation the entire court are in accord with the view that under the provisions found in item 10 the school desired to be established under this item is sectarian. It is clear that testator wanted established a private polytechnic industrial school in which the teaching of Protestant religion was to be a prominent feature. He so provides in item 10 wherein is found the following:

"Said school shall be Protestant in ethics and teaching."

There are further conditions found in this item. Testator provides that:

"My said trustee shall first offer said remainder of said residue of my said estate to the corporate city of Conneaut, Ohio, to be used in the establishment of said school, on condition that said city shall provide therefor, free of cost to my estate, a suitable and· ample site for said school, centrally located, and by the issuance of five (5) per cent bonds provide a sinking fund of one hundred thousand ($100,000) dollars to be forever maintained to provide income for the support and maintenance of said school, or otherwise secure to said school such fund as will at all times provide said school with an income of five thousand dollars ($5,000) per annum. If the foregoing mentioned proposition is not accepted within one year from the date of said offer, then my said trusteee shall make the same offer to the village of Geneva, in Ashtabula county, Ohio, and if not accepted by said village within one year from the date of said offer, or if there be legal obstacles in the way of both said city of Conneaut and said village of Geneva accepting said legacy for the uses and purposes aforesaid, then and in that event my said trustee may by forming a corporation or by other lawful means in its discretion to be determined by it, proceed to and complete the organization of said polytechnic industrial school, or if it elects so to do may transfer and deliver over the remainder of said residue of my said estate to some industrial school then well established, to be selected by it for the purpose of carrying out the principles and objects hereinbefore named.

"The school if established either in Conneaut, Ohio, or Geneva, Ohio, shall be known as the 'Record Industrial School' and if said remainder is given to an

industrial school already established, it shall be known as the 'Record Memorial Industrial Fund' and the department to which it is applied shall be known as the 'Record Memorial Industrial Department' and shall be operated upon the basis and fundamental ideas and to the ultimate aim and purpose hereinbefore expressed.''

The city of Conneaut did not accept this offer according to the provisions in the will. The village of Geneva desired same and has proceeded, to some extent at least, to comply with the provisions of item 10.

The first question presented is: Does the corporate village of Geneva, Ohio, have any lawful authority to issue bonds or expend funds raised by taxation for the support of such a school as is provided for in item 10, to wit, that it issue 5 per cent bonds to provide a sinking fund of $100,000 to be maintained forever to provide income for the support and maintenance of the school? There appears to have been doubt in the mind of testator as to whether such a provision could be carried out, for further on in his will he states if there be legal obstacles in the way of both the city of Conneaut and the village of Geneva accepting the legacy for the uses and purposes aforesaid, then and in that event such legacy was to be disposed of by other methods in the discretion of the trustees. Now if this is to be a sectarian school and we hold such is the case, then it is clear that a tax cannot be laid upon the property of residents of Geneva village to support and maintain such an institution. Such would be clearly, in our judgment, contrary to and in violation of the Constitution of Ohio. Section 7, Article I, Ohio Constitution, provides:

''All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience. No person shall be compelled to attend, erect, or *support* any place of worship, or main-

tain any form of worship, against his consent; *and no preference shall be given, by law, to any religious society;* nor shall any interference with the rights of conscience be permitted. No religious test shall be required, as a qualification for office, nor shall any person be incompetent to be a witness on account of his religious belief; but nothing herein shall be construed to dispense with oaths and affirmations. Religion, morality, and knowledge, however, being essential to good government, it shall be the duty of the General Assembly to pass suitable laws to protect every religious denomination in the peaceable enjoyment of its own mode of public worship, and to encourage schools and the means of instruction.'' (Italics ours.)

Section 2, Article VI, provides:

''The General Assembly shall make such provisions, by taxation, or otherwise, as, with the income arising from the school trust fund, will secure a thorough and efficient system of common schools throughout the state; but no religious or other sect, or sects, shall ever have any exclusive right to, or control of, any part of the school funds of this state.''

In our judgment the levying of a tax to maintain and support the school in question would be clearly in violation of the above provisions; therefore compliance with the suggested bond issue as provided by the testator in item 10 is not available to the village of Geneva. However, testator provided an alternative to the city of Conneaut or the village of Geneva raising a fund to support and maintain the school by taxation when he inserted the following, ''or otherwise secure to said school such fund as will at all times provide said school with an income of five thousand dollars ($5,000) per annum.''

In other words, an alternative method was provided in case the bond provision for any reason could not be carried out, and if such a fund could be raised oth-

erwise than by taxation such a course was open to the village of Geneva and if compliance with testator's conditions is not met by the village of Geneva within a certain period of time, which will be designated further on in this opinion, then all rights of the village to the funds in question shall, at the expiration of such period as fixed by this court, terminate and the trustees are authorized to proceed to make disposition of the fund as in their discretion seems best in one or the other of the ways provided in item 10. Inasmuch as there are alternative provisions in item 10 as above indicated there is at this time no place for the application of the *cy pres* doctrine, that is, inasmuch as the creating of a sinking fund by the issuance of bonds of the village of Geneva cannot be lawfully carried out for the maintenance and support of such school, provision is made that the fund for such purposes can be raised otherwise and the village should in our judgment have a reasonable period of time to raise such money otherwise than by issuance of bonds.

Now it is urged that under the provisions of Sections 3615 and 4001 *et seq.,* General Code, the village of Geneva may secure the fund. No such provision is found in item 10 of the will; we must look to the plain and unambiguous terms of the will to determine what disposition is to be made of the fund. Testator designated clearly how and under what conditions such was available to the village. He had a right to so designate and the trustees cannot do indirectly that which may not be done directly. The trustees must be governed by the provisions of the will and the village in accepting same must comply with the legal conditions imposed before it is entitled to any portion of the fund. We can see no merit in this claim.

It also has been suggested that, inasmuch as this fund has been augmented through the years until it now approaches the million dollar mark, under these

circumstances the fund may be used for the purpose of establishing, maintaining and supporting the school. No such provision is found in the will, that any portion of the fund in question may be used for the support and maintenance of the school. That burden was thrust upon the village. Nothing in the will by the wildest flight of imagination could be so construed, to the effect that the trustees without the aid of the village as provided by testator could turn over the fund to such village. The village is required to do certain things before it is entitled to any portion of the fund and neither this nor any other court is authorized to release the village from the conditions imposed by testator. Augmentation of the fund *is no reason* why the imposed conditions should be relinquished by the trustees or by order of court. It is the duty of the trustees to carry out, not to ignore the provisions of item 10, and it is the further duty of the court in an action of this kind to instruct the trustees to carry out the will of testator. A liberal construction does not authorize changing the express provisions of the will or making material modification thereof.

The next question presented is: What if any interest or right has the city of Conneaut in the fund at this time? Our answer to this question is "none," for the reason that the city of Conneaut did not accept same as required in the will and it is making no claim to the fund in this court.

The next question presented is: Did the passage of ordinance No. 771 by council of the village of Geneva constitute compliance or acceptance of the terms and conditions of the will of the testator? The council of the village of Geneva, by formal action, did accept the provisions of the will, including all conditions enumerated therein. However, the trustees have no right or authority to turn over any portion of the fund to

the village until compliance by the village of the conditions of item 10 which are susceptible of compliance.

The Probate Court permitted the village one year as a reasonable time for compliance with required conditions. This being a trial *de novo* in this court we are of the view that the village should be allowed a further time of six months from the date of filing in this court of a journal entry journalizing the finding, such entry to be approved by the court. It was certainly not the intention of the testator that after formal acceptance of the offer as contained in item 10 that compliance therewith should be of indefinite duration, but that compliance by the village should be within a reasonable time. We are of the further view that it was not the intention of the testator to require compliance by the village of the conditions found in item 10 within the one-year period designated for acceptance. We think that condition applies only to the formal acceptance by the village of the legacy. If compliance of the conditions on the part of the village of Geneva are not fulfilled within the period herein designated, all rights of the village to the fund shall be terminated at the expiration of such period of time and the trustees shall be authorized to proceed under the alternative plans suggested in item 10.

*Decree accordingly.*

Phillips, P. J., concurs.
Nichols, J., dissents.